**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Travis Shane BARNES, Defendant— Appellant.**

No. 01–30351.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 12, 2002 *.

Decided Aug. 16, 2002.

Before: SCHROEDER, Chief Judge, and TASHIMA and RAWLINSON, Circuit Judges.

MEMORANDUM **

Defendant Travis Shane Barnes ("Barnes") appeals his 84–month sentence imposed following his jury trial conviction of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. He asserts that the district court (1) enhanced his sentence based on insufficient evidence and (2) erred by not departing further downward. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(2). We affirm.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

## I

The district court found, over Barnes' objection, that he possessed a dangerous weapon in the course of the conspiracy, and enhanced his offense level pursuant to U.S.S.G. § 2D1.1(b)(1). Barnes argues that this finding is not supported by a preponderance of the evidence. *See United States v. Medrano*, 241 F.3d 740, 745 (9th Cir.), *cert. denied*, 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). We review the court's evaluations of evidentiary reliability for abuse of discretion and its factual findings for clear error. *United States v. Berry*, 258 F.3d 971, 976–77 (9th Cir.2001).

"The [§ 2D1.1(b)(1)] adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." *U.S.S.G. Manual* § 2D1.1(b)(1) cmt. n. 3 (2000). Three of Barnes' co-conspirators told federal agents they saw Barnes possess a handgun during the conspiracy. Two of them said they saw him possess it while he was distributing methamphetamine. These hearsay statements, despite their "self-serving" nature, "were sufficiently corroborated by each other to provide the minimal indicia of reliability necessary to qualify [them] for consideration by the district court during sentencing." *Berry*, 258 F.3d at 977. Together, they were more than sufficient evidence to support the court's determination. *Id.*

## II

The district court granted the government's motion for downward departure in light of Barnes' substantial assistance in a criminal investigation, pursuant to U.S.S.G. § 5K1.1. Barnes asserts that the

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

district court's refusal to depart even further downward was an abuse of discretion because of (1) sentencing disparity and (2) punitive motive stemming from the September 11, 2001 attacks.

We need not address either argument. We lack jurisdiction to review the extent of the district court's discretionary departure. *United States v. Ruiz*, —— U.S. ——, 122 S.Ct. 2450, 2454, 153 L.Ed.2d 586 (2002).

**AFFIRMED.**